| | |
|---|---|
| 1 | RON BENDER (SBN 143364) |
| 2 | JOHN-PATRICK M. FRITZ (SBN 245240)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P. |
| 3 | 2818 La Cienega Avenue<br>Los Angeles, California 90034 |
| 4 | Telephone: (310) 229-1234; Facsimile: (310) 229-1244 |
| 5 | Email: RB@LNBYB.COM; JPF@LNBYB.COM<br>Attorneys for Chapter 11 Debtor and Debtor in Possession |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

In re:

BRITELAB, INC., a Delaware Corporation

    Debtor and Debtor in Possession.

) Case No. 5:23-bk-51520
)
) Chapter 11 Case
) Subchapter V
)
) **DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MUTUAL RELEASE WITH TIMOTHY LENIHAN**
)
) [Declaration of Ali Bushehrii in Support Filed Separately and Concurrently]
)
) Hearing:
) Date: September 3, 2024
) Time: 2:00 p.m.
) Place: U.S. Bankruptcy Court
)        Courtroom 9
)        280 South First Street
)        San Jose, CA 95113-3099[1]
)
)
)

---

[1] The hearing on this matter will take place remotely by video or telephone. No in-person appearance in the courtroom is available. The Bankruptcy Court's website provides information regarding how to arrange an appearance at a video or telephonic hearing. If you have questions about how to participate in a video or telephonic hearing, you may contact the courtroom deputy, Anna Lee, at (408) 278-7517 or email her at: anna_e_lee@canb.uscourts.gov. *See also* www.canb.uscourts.gov/calendars.

2

# I.

# CASE BACKGROUND

BriteLab, Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case, filed a voluntary petition under chapter 11 of the Bankruptcy Code on December 29, 2023, bearing Case No. 5:23-bk-51520 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Court").

The Debtor continues to manage its affairs, operate its business, and administer its estate as a debtor in possession pursuant to 11 U.S.C. §§ 1182(2) and 1184.

On February 23, 2024, Timothy Lenihan ("Lenihan") filed Claim 23, asserting a $350,973.12 severance claim, comprised of $300,000 in cash severance and $50,973.12 for 18 months of COBRA premiums.

Lenihan is the former CEO of the Debtor. In Claim 23, Lenihan alleges that in July 2022, the Debtor entered into a change of control severance agreement with Lenihan, providing for severance of $300,000 plus 18 months of COBRA health coverage if terminated in connection with a change of control. In Claim 23, Lenihan alleges that on August 11, 2023, the Debtor terminated Lenihan's employment.

On or about September 28, 2023, the Debtor closed a sale of all its shares to BSC Investment Group ("BSC"), the Debtor's current owner. On August 17, 2023, Lenihan's counsel sent a letter asserting that Lenihan was entitled to severance benefits under the agreement. The Debtor disputed this claim and did not pay the severance.

On May 2, 2024, the Debtor filed its First Amended Chapter 11, Subchapter V, Plan of Reorganization (the "Plan") [Docket No. 54].

On May 27, 2024, Lenihan filed his Objection to Debtor's First Amended Plan [Docket No. 58].

On May 30, 2024, the Debtor filed its Objection to Lenihan's Proof of Claim (Claim 23) [Docket No. 60].

The Debtor's objection to Claim 23 raised various legal arguments against the claim's validity, including assertions that the severance agreement was unenforceable for lack of consideration, that the termination did not breach any implied covenant of good faith and fair dealing, that the COBRA premium claim constituted an unenforceable penalty under California law, and, even if it were allowed, it could be avoided pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(IV).

To avoid the expense and uncertainty of litigation, the Debtor and Lenihan have agreed to resolve their dispute through the proposed Settlement Agreement and Mutual Release (the "<u>Settlement Agreement</u>"), which is attached as Exhibit "1" to the separaetly and concurrently filed Declaration of Ali Bushehri (the "<u>Declaration</u>").

## II.

## **<u>SUMMARY OF THE SUBSTANTIVE TERMS OF THE SETTLEMENT AGREEMENT</u>**

The following is a summary of the salient terms of the Settlement Agreement. In the event of a discrepancy between the summary terms here and the Settlement Agreement, the Settlement Agreement shall control:

1. Upon the entry of an order by the Bankruptcy Court approving this settlement, Lenihan shall have a priority unsecured claim pursuant to 11 U.S.C. § 507(a)(4) in the amount of $10,000 (the "<u>Lenihan Claim</u>") and no other claims against Debtor or Debtor's estate.

2. The Lenihan Claim shall be paid in full on the effective date of the Debtor's confirmed Chapter 11 plan (the "<u>Plan Effective Date</u>").

3. Lenihan waives any and all other claims against the Debtor and its estate.

4. Upon the Plan Effective Date, the Debtor and Lenihan provide mutual general releases to each other pursuant to California Civil Code Section 1542, subject to the terms of the Settlement Agreement.

5. The parties agree to cooperate and mutually support confirmation of the Debtor's Chapter 11 plan, so long as the plan includes terms consistent with the provisions of the Settlement Agreement.

## III.

## **DISCUSSION**

The authority granted the Debtor to compromise a controversy or agree to a settlement is set forth in Bankruptcy Rule 9019(a), which provides in pertinent part that "[o]n motion by the [debtor in possession] and after hearing on notice to creditors ..., the court may approve a compromise or settlement." The decision of whether a compromise should be accepted or rejected lies within the sound discretion of the Court. In re Carson, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); In re Hydronic Enterprise, Inc., 58 B.R. 363, 365 (Bankr. D. R.I. 1986); In re Mobile Air Drilling Co., Inc., 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); Knowles v. Putterbaugh (In re Hallet), 33 B.R. 564, 565 (Bankr. D. Me. 1983).

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the Court need not conduct an exhaustive

5

investigation of the claims sought to be compromised. See United States v. Alaska National Bank (In re Walsh Constr., Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. See In re A & C Properties, supra, 784 F.2d at 1381.

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

    (a)    the probability of success in the litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection;

    (c)    the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

    (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In re A & C Properties, supra, 784 F.2d at 1381 (the "A & C Factors").

A court should not substitute its own judgment for the judgment of the trustee or the debtor in possession. Matter of Carla Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D. N.Y. 1984). A court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact but rather to canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. In re W.T. Grant & Co., 699 F.2d 599, 608 (2nd Cir. 1983), *accord*, Newman v. Stein, 464 F.2d 689, 693 (2nd Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. Matter of Walsh Const., Inc., 669 F.2d 1325, 1328 (9th Cir. 1982); In re Blair, 538 F.2d 849 (9th Cir. 1976). It is well established that compromises are favored in bankruptcy." In re Lee Way Holding Co., 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

The Debtor submits that the Settlement Agreement is reasonable, fair and equitable and is in the best interest of the Debtor's bankruptcy estate. A review of the A & C Factors supports Court approval of the Settlement Agreement as follows:

(a) <u>The probability of success in the litigation</u>.

The dispute between the Debtor and Lenihan centers on complex legal issues, including the enforceability of the severance agreement and the application of the implied covenant of good faith and fair dealing. While the Debtor believes it has strong arguments against Lenihan's claim, litigation outcomes are inherently uncertain. The settlement eliminates this uncertainty.

(b) <u>The difficulties, if any, to be encountered in the matter of collection</u>.

This factor is not directly applicable as the settlement involves the allowance of a claim rather than collection of a judgment.

(c) <u>The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it</u>.

Litigating Lenihan's claim would involve complex legal issues and factual disputes, potentially requiring significant discovery and expert testimony on industry practices regarding executive severance agreements. Such litigation would be expensive and time-consuming, depleting estate resources that could otherwise be used for the benefit of creditors.

(d) <u>The paramount interest of the creditors and a proper deference to their reasonable views in the premises</u>.

The proposed settlement represents a substantial compromise by both parties. Lenihan is agreeing to reduce his claim by over 97%, from $350,973.12 to $10,000. The Debtor, while maintaining its position that Lenihan's claim is invalid, is agreeing to allow a $10,000 priority claim to avoid the cost and uncertainty of litigation.

7

This compromise falls well within the range of reasonableness. It eliminates a significant disputed claim for a fraction of the asserted amount, providing certainty to the estate and its creditors. The settlement also removes a potential obstacle to plan confirmation, as Lenihan has agreed to support the Debtor's plan if it incorporates the settlement terms.

Based upon all of the foregoing, the Debtor respectfully submits that all of the A & C Factors, to the extent applicable, have been satisfied, and that an appropriate basis exists for the Court to grant this Motion and approve the Settlement Agreement as being in the best interest of the estate for good cause shown.

## IV.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court grant the Motion, approve the Settlement Agreement, and grant such other and further relief as the Court deems just and appropriate under the circumstances of this case.

Dated: August 6, 2024　　　　　　　　　BRITELAB, INC.

　　　　　　　　　　　　　　　　　By:　*/s/ John-Patrick M. Fritz*
　　　　　　　　　　　　　　　　　　　　RON BENDER
　　　　　　　　　　　　　　　　　　　　JOHN-PATRICK M. FRITZ
　　　　　　　　　　　　　　　　　　　　LEVENE, NEALE, BENDER,
　　　　　　　　　　　　　　　　　　　　YOO & GOLUBCHIK L.L.P.
　　　　　　　　　　　　　　　　　　　　Attorneys for Chapter 11
　　　　　　　　　　　　　　　　　　　　Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2818 La Cienega Avenue, Los Angeles, California 90034

A true and correct copy of the foregoing document entitled (*specify*): **Debtor's Motion For Approval Of Settlement Agreement And Mutual Release With Timothy Lenihan** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 6, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M. Arnold    tma@lnbyg.com
- Ron Bender    rb@lnbyg.com
- Corrine Bielejeski    Corrine@EastBayBkLaw.com, EastBayBkLaw@gmail.com
- Trevor Ross Fehr    trevor.fehr@usdoj.gov
- John-Patrick M. Fritz    jpf@lnbyg.com, JPF@ecf.inforuptcy.com
- Gina R. Klump    gklump@klumplaw.net, C204@ecfcbis.com
- Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov
- Gregory S. Powell    greg.powell@usdoj.gov, Tina.L.Spyksma@usdoj.gov
- Julie H. Rome-Banks    julie@bindermalter.com
- Cheryl C. Rouse    rblaw@ix.netcom.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **August 6, 2024**,, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 6, 2024**,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **August 6, 2024**, | J. Klassi | /s/ J. Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Case: 23-51520    Doc# 83    Filed: 08/06/24    Entered: 08/06/24 09:58:57    Page 8 of 8