RON BENDER (SBN 143364)
JOHN-PATRICK M. FRITZ (SBC 245240)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; JPF@LNBYG.COM

Counsel for Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>BRITELAB, INC.,<br>a Delaware corporation<br><br>       Debtor and Debtor in Possession. | Case No.: 23-51520<br>Chapter 11 Case<br>Subchapter V<br><br>**Debtor's Motion to Modify Debtor's Second Amended Chapter 11, Subchapter V, Plan of Reorganization, Dated July 18, 2024; Memorandum of Points and Authorities**<br><br>[Declaration of Ali Bushehri in Support Filed Separately and Concurrently]<br><br>**Hearing on Shortened Time:**<br>  Date:    September 3, 2024<br>  Time:    2:00 p.m.<br>  Place:   United States Courthouse<br>             Courtroom 9<br>             280 South First Street<br>             San Jose, CA 95113-3099[1] |

---

[1] The hearing on this matter will take place in-court using hybrid technology. Each party or lawyer can elect to appear in person in court, or remotely by video/telephone. In-person appearances are not required but are optional. The hearing will be conducted in the presiding judge's courtroom. If you choose to appear by video or telephone, refer to the Bankruptcy Court's website which provides information regarding how to arrange an appearance. If you have questions about how to participate in a video or telephonic hearing, you may contact the courtroom deputy, Anna Lee, at (408) 278-7517 or email her at: anna_e_lee@canb.uscourts.gov.

Pursuant to 11 U.S.C. § 1193, Rules 2002(a) and 3019 of the Federal Rules of Bankruptcy Procedure ("FRBP"), and Bankruptcy Local Rule ("BLR") 9014, BriteLab, Inc., a Delaware corporation (the "Debtor"), the debtor and debtor in possession in the above-referenced chapter 11 case, respectfully files this "Debtor's Motion to Modify Debtor's Second Amended Chapter 11, Subchapter V, Plan of Reorganization, Dated July 18, 2024" (the "Motion").[2]

On May 2, 2024, the Debtor filed and solicited its "Debtor's First Amended Chapter 11, Subchapter V, Plan of Reorganization, Dated April 25, 2024" [Doc. No. 54] (the "First Amended Plan") [ECF 54]. The First Amended Plan had two voting creditor classes (Classes 1 and 2). Class 1 is comprised of all general unsecured creditors except creditor PHC Korea, which is in Class 2. Class 1 voted to accept the First Amended Plan, and, after a correction to a clerical error (*see*, ECF 56 and 57) Class 2 also voted to accept the Plan. The First Amended Plan proposed to pay Class 1 in full over 32 months and Class 2 over 100 months with a plan effective date in July 2024.

On July 18, 2024, the Debtor filed "Debtor's Second Amended Chapter 11, Subchapter V, Plan of Reorganization, Dated July 18, 2024" (the "Second Amended Plan") [ECF 76]. Like the First Amended Plan, the Second Amended Plan proposed to pay Class 1 and Class 2 in full, but on a slightly more accelerated schedule over the course of 28 month sand 31 months, respectively, with a plan effective date of October 2024.

Separately and concurrently with the filing of this Motion, the Debtor has filed its "Debtor's Third Amended Chapter 11, Subchapter V, Plan of Reorganization, Dated August 13, 2024" (the "Third Amended Plan"). The Third Amended Plan also proposes to pay Class 1 and Class 2 in full, over a period of 36 months and 37 months, respectively, with a plan effective date of September 2024. The Third Amended Plan also includes a recent settlement with one creditor (Lenihan) and addresses the objection of one creditor (WCP) by including its full claim (though disputed) in the plan projections. The Third Amended Plan is also updated with the most recent rent cure amounts to the Debtor's real property landlord.

---

[2] At a hearing held on August 8, 2024, the Court set this Motion for hearing on shortened time pursuant to Bankruptcy Local Rule 9014.

The Third Amended Plan projections are updated to include court-approved post-petition financing for funding the plan.

The Debtor respectfully submits that none of these modifications are materially adverse to any creditors in the case, as all iterations of the plan have proposed to pay creditors in full on their allowed claims, and the modifications only slightly modify the number of months of payments to accomplish the full-pay plan.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order permitting the Debtor to modify the plan as set forth in the Third Amended Plan and grant such other and further relief as the Court may deem just and proper under the circumstances of the case.

Dated: August 13, 2024

LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.

By:   */s/ John-Patrick M. Fritz*
RON BENDER
JOHN-PATRICK M. FRITZ
Counsel for Chapter 11 Debtor and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

"The debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1122 and 1123 of this title…" 11 U.S.C. § 1193. Section 1122 sets forth the requirements of claim and interest classification. *See*, 11 U.S.C. § 1122. The modification does not change the classification of claims and interests in the Plan. Section 1123 sets forth the mandatory and permissive plan provisions. 7 COLLIER ON BANKRUPTCY ¶ 1123.01 p. 1123-5 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The modification to the does not change the aspects of the Plan set forth in section 1123.

The Federal Rules of Bankruptcy Procedure specify procedures for plan modification under subsections 1193(b) and 1193(c), but these procedures do not apply here because the Debtor is seeking to modify the Plan prior to confirmation pursuant to subsection 1193(a). *See*, FED.R.BANKR.P. 3019(c). Due the similarity between section 1127(a) and section 1193(a), the Debtor respectfully invites the Court's attention to persuasive authority interpreting plan modification in non-subchapter-V chapter 11 plans for guidance on permitting the Debtor's proposed modification. *See*, 11 U.S.C. § 1127(a); *compare* 11 U.S.C. § 1193(a).

"The proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified." 11 U.S.C. § 1127(c). Here, Section 1125 does not apply, and no disclosure statement has been required in this subchapter V case. *See*, 11 U.S.C. § 1181(b). Nonetheless, in speaking to the requirement of § 1125, for non-subchapter-V disclosure and plan solicitation, bankruptcy courts have held that a modification to a plan does not mandate "the preparation of a new disclosure statement and resolicitation of the plan." *In re American Solar King Corp.*, 90 B.R. 808, 823 (Bankr.W.D.Tex.1988). "If the court finds after a hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." FED.R.BANKR.P. 3019(a). Additional disclosure to creditors is required "only when and to the extent that the debtor intends to solicit votes from previously dissenting creditors

or when the modification materially and adversely impacts parties who previously voted for the plan." *In re American Solar King Corp.*, 90 B.R. at 823.

Here, the Debtor has provided notice of the Motion to all creditors. The proposed modifications are not materially adverse to any creditors, as the Third Amended Plan pays all creditors in Classes 1 and 2 in full, the only difference being slightly modified payment schedules, now projected at 36 months and 37 months (as compared to 28 or 32 months previously for Class 1, and 31 months and 100 months for Class 2). Class 3 is comprised of equity interest holders, which is unimpaired in all iterations of the plan.

Only two creditors objected to the First Amended Plan – Timothy Lenihan and Woodside Capital Partners ("WCP"). The Third Amended Plan addresses both objections. First, the Debtor settled with Lehinan, filed a separate motion to approve the settlement, and the settlement is incorporated in the Third Amended Plan. WCP objected that its full claim was not accounted for in the projected plan payments. Although the Debtor disputes a portion of the WCP claim, the full amount of the WCP claim is accounted for in the plan projections for the Third Amended Plan.

The Debtor submits that the modifications to the Plan are neither material nor adversely impact any creditors or interest holders under the Plan. "A modification is material if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance." 8 COLLIER ON BANKRUPTCY ¶ 3019.03 p. 3019-3 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); *see American Solar*, 90 B.R. at 823. "A modification which is not likely to trigger such consideration *de facto* satisfies Section 1125 disclosure requirements." *American Solar*, 90 B.R. at 824. All iterations of the Debtor's plan have proposed to pay creditors in full in Classes 1 and 2, the only modifications being to slight variations in timing, effective date, and to resolve the two filed objections of Lenihan and WCP.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order permitting the Debtor to modify the plan as set forth in the Third Amended Plan and grant such other and further relief as the Court may deem just and proper under the circumstances of the case..

Dated: August 13, 2024

        LEVENE, NEALE, BENDER, YOO
        & GOLUBCHIK L.L.P.

By:   */s/ John-Patrick M. Fritz*
      RON BENDER
      JOHN-PATRICK M. FRITZ
Counsel for Chapter 11 Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2818 La Cienega Avenue, Los Angeles, California 90034

A true and correct copy of the foregoing document entitled (*specify*): **Debtor's Motion to Modify Debtor's Second Amended Chapter 11, Subchapter V, Plan of Reorganization, Dated July 18, 2024; Memorandum of Points and Authorities** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 13, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M. Arnold     tma@lnbyg.com
- Ron Bender     rb@lnbyg.com
- Corrine Bielejeski     Corrine@EastBayBkLaw.com, EastBayBkLaw@gmail.com
- Trevor Ross Fehr     trevor.fehr@usdoj.gov
- John-Patrick M. Fritz     jpf@lnbyg.com, JPF@ecf.inforuptcy.com
- Gina R. Klump     gklump@klumplaw.net, C204@ecfcbis.com
- Office of the U.S. Trustee / SJ     USTPRegion17.SJ.ECF@usdoj.gov
- Gregory S. Powell     greg.powell@usdoj.gov, Tina.L.Spyksma@usdoj.gov
- Julie H. Rome-Banks     julie@bindermalter.com
- Cheryl C. Rouse     rblaw@ix.netcom.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **August 13, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 13, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 13, 2024 | J. Klassi | /s/ J. Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE