

RON BENDER (SBN 143364)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; JPF@LNBYG.COM

The following constitutes the order of the Court.
Signed: September 2, 2024

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

Counsel for Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

In re:

BRITELAB, INC.,
a Delaware corporation

    Debtor and Debtor in Possession.

Case No.: 23-51520

Chapter 11 Case (Subchapter V)

**FINAL ORDER AUTHORIZING DEBTOR TO SELL ACCOUNTS RECEIVABLE PURSUANT TO 11 U.S.C. §§ 363(b) AND (f) AND GRANTING CLEAR COAST CAPITAL, LLC A SUPER PRIORITY SECURITY INTEREST PURSUANT TO 11 U.S.C. §§ 364(c)(2)**

<u>**Final Hearing:**</u>
   Date:    August 6, 2024
   Time:   2:00 p.m. PT
   Place:  United States Courthouse
             Courtroom 9
             280 South First Street
             San Jose, CA 95113-3099[1]

---

[1] The hearing on this matter will take place remotely by video or telephone. No in-person appearance in the courtroom is available. The Bankruptcy Court's website provides information regarding how to arrange an appearance at a video or telephonic hearing. If you have questions about how to participate in a video or telephonic hearing, you may contact the courtroom deputy, Anna Lee, at (408) 278-7517 or email her at: anna_e_lee@canb.uscourts.gov. *See also* www.canb.uscourts.gov/calendars.

This matter is before the Court on the Debtor's motion of the debtor-in-possession in the above-captioned case (the "**Debtor**") requesting entry of a final order authorizing the Debtor to enter into a post-petition financing arrangement with Clear Coast Capital, LLC (the "**DIP Lender**") by which the Debtor will sell certain accounts receivable pursuant to 11 U.S.C. §§ 363(b) and (f) and granting super priority, first position security interests pursuant to 11 U.S.C. §§ 364(c)(2) of the Bankruptcy Code (the "**Bankruptcy Code**") (the "**Financing Motion**") [ECF 70], as the Debtor's and estate's assets are not subject to any pre-existing liens. Based upon this Court's review of the Financing Motion, the record, and all matters brought to the Court's attention at the First Interim Hearing and Final Hearing pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2), and after due deliberation and consideration, the Court makes the following findings of fact and conclusions of law applicable to the financing sought by Debtor from DIP Lender and Debtor's request to use cash collateral (to the extent any findings of fact constitute conclusions of law, they are adopted as such, and *vice versa*):

THE COURT HEREBY FINDS AND DETERMINES:

A. On December 29, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in this Court (the "**Chapter 11 Case**" or **"Case"**). The Debtor is continuing to operate its businesses and manage its property as debtors-in-possession. No trustee or examiner has been appointed herein.

B. An immediate and ongoing need exists for Debtor to obtain financing and use the cash proceeds of the Collateral (as defined below) (the "**Cash Collateral**") to continue the operation of its business as debtor-in-possession under Chapter 11 of the Bankruptcy Code, to minimize the disruption of Debtor's business and to allow Debtor to pursue reorganization under Chapter 11. Despite diligent efforts, Debtor has been unable to obtain financing in the form of unsecured credit allowable under

2

Section 503(b)(1) of the Bankruptcy Code as an administrative expense or solely in exchange for the grant of a special administrative expense priority pursuant to Section 364(c)(1) of the Bankruptcy Code.

C. Debtor has requested that DIP Lender establish a new secured factoring facility in favor of Debtor (the "**DIP Facility**") pursuant to which Debtor may obtain advances from time to time (the "**DIP Advances**"), up to $3,000,000 in advances outstanding, upon the terms and conditions set forth herein and in a Factoring and Security Agreement dated July 8, 2024, which is attached to the Financing Motion (the "**Factoring Agreement**") [ECF 70, Ex.1].

D. Debtor has certified that a copy of the Financing Motion (together with copies of the Factoring Agreement) and notice of the Hearing have been served by electronic mail, telecopy transmission, hand delivery, overnight courier and/or first-class United States mail upon the U.S. Trustee, any subordinated Creditor, and any known lien creditors of Debtor, and all parties requesting notice. The Court finds that notice of the Financing Motion, as it relates to this Order, is sufficient for all purposes under the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, Sections 102(1) and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(b) and (c).

E. Good cause has been shown for the entry of this Order and authorization for Debtor to obtain DIP Credit Extensions pursuant to the Factoring Agreement and to use Cash Collateral as hereinafter provided. Debtor's need for financing of the type afforded by the Factoring Agreement remains immediate and critical. Entry of this Order will minimize disruption of Debtor's business and operations, will preserve the assets of Debtor's estates and is in the best interests of Debtor, its creditors and its estates. The terms of the proposed financing and use of Cash Collateral are fair and reasonable, reflect Debtor's exercise of business judgment and are supported by reasonably equivalent value and fair consideration.

F. Based upon the statements and any evidence presented at the Hearings on the Financing Motion, and the record in this Case as a whole, the terms of the Factoring Agreement and this Order have

3
Case: 23-51520    Doc# 90    Filed: 09/02/24    Entered: 09/03/24 08:51:15    Page 3 of 7

been negotiated in good faith and at arm's length between Debtor, on the one hand, and DIP Lender, on the other. Therefore, all DIP Credit Extensions to Debtor pursuant to the Factoring Agreement shall be deemed to have been made in good faith within the meaning of Section 364(e) of the Bankruptcy Code.

G. This Court has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Financing Motion constitutes a core proceeding, as defined in 28 U.S.C. § 157(b)(2).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. The Financing Motion is GRANTED on a final basis.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Financing Motion.

3. The Debtor is authorized to take DIP Credit Extensions in accordance with the Factoring Agreement [ECF 70 Ex.1] from time to time up to an aggregate advance amount outstanding at any time not to exceed $3,000,000.00, and to incur any and all liabilities and obligations thereunder and to pay all charges, fees, expenses and other accruals and to satisfy all conditions precedent and perform all obligations hereunder and thereunder in accordance with the terms hereof and thereof.

4. The DIP Liens shall have super priority pursuant to Section 364(c)(2) and Section 510(a) of the Bankruptcy Code, and the DIP Liens shall prime and shall be senior in priority to all pre-petition liens and security interests with respect to any of the Collateral.

5. The DIP Liens shall be deemed valid, binding, enforceable and perfected upon entry of this Order. DIP Lender shall not be required to file any UCC-1 financing statements, fixture filings, mortgages, deeds of trust, intellectual property filings, security deeds, notices of lien or any similar document or take any other action (including possession of any of the Collateral) in order to validate the perfection of the DIP Liens. DIP Lender may, in its discretion, file a certified copy of this Order, UCC-1 financing statements, fixture filings, mortgages, deeds of trust, intellectual property filings, security deeds, notices of

lien or any similar document in any filing office in any jurisdiction in which Debtor is organized or has or maintains any Collateral or an office, and each filing office is directed to accept such certified copy of this Order for filing and recording.

6. All reasonable costs and expenses incurred by DIP Lender in connection with the negotiation and drafting of the DIP Financing Documents, or any amendments thereto, the preservation, perfection, protection and enforcement of DIP Lender's rights hereunder or under the Factoring Agreement, or in the collection of the DIP Obligations, including, without limitation, all filing and recording fees and reasonable fees and expenses of attorneys, accountants, appraisers and other professionals incurred by DIP Lender in connection with any of the foregoing, whether any of the foregoing were incurred prior to or after the Petition Date, shall form a part of the DIP Obligations and shall be paid by Debtor in accordance with the terms of the DIP Financing Documents. Fees and expenses incurred by professionals retained by DIP Lender in order to enforce the DIP Liens, realize upon or liquidate the Collateral or otherwise collect the DIP Obligations upon the occurrence of an Event of Default by the Debtor under this Order or the DIP Financing Documents are subject to this Court's approval pursuant to separate Order of the Court.

7. This Order shall constitute a valid, binding obligation of the Debtor enforceable against the Debtor in accordance with its terms.

8. The automatic stay provisions of Section 362 of the Bankruptcy Code are hereby lifted and terminated as to DIP Lender to the extent necessary to implement the provisions of this Order and the Factoring Agreement, thereby permitting DIP Lender to receive collections of Collateral for application to the DIP Obligations as provided herein, to file or record any UCC-1 financing statements, fixture filings, mortgages, deeds of trust, security deeds and other instruments and documents evidencing or validating the

perfection of the DIP Liens and to enforce the DIP Liens upon Event of Default subject to the prior notice provisions of this Order.

9. Neither DIP Lender nor the Debtor shall be required to take any action or obtain any additional orders to enjoy the benefits and/or protections of this Order. Nothing herein is intended, however, to waive any rights of DIP Lender to request any relief it may believe is appropriate, including to seek additional adequate protection of its interests in its collateral, relief from the automatic stay, conversion of the cases, to propose a plan of reorganization or liquidation, to object to a plan of reorganization, or any other relief or remedies that may be available to DIP Lender under bankruptcy or non-bankruptcy law.

10. The provisions of this Order shall be binding upon DIP Lender and the Debtor and their respective successors and assigns (including any Trustee hereinafter appointed for the estate of the Debtor) and inure to the benefit of DIP Lender and the Debtor and their respective successors and assigns.

11. By consenting to this Order, making DIP Credit Extensions or administering the financing relationship with Debtor, DIP Lender shall not be deemed to be in control of Debtor or its operations or to be acting as a "responsible person," "managing agent", "mortgagee in possession" or "owner or operator" (as such terms are defined in the United States Comprehensive Environmental Response, Compensation and Liability Act, as amended, or any similar state or federal statute) with respect to the operation or management of Debtor.

12. The Debtor is authorized to borrow a bridge loan of up to $750,000 from BSC Investment Group, Inc., at 0% interest with a maturity date of August 31, 2024, pursuant to 11 U.S.C. § 364(b).

13. The notice given by the Debtor of the Financing Motion constitutes due and sufficient notice in accordance with the Bankruptcy Rules and the Local Rules of this Court.

14. Upon entry of this Order, the Debtor shall serve (by first class mail, postage prepaid or overnight delivery) copies of this Order on the Debtor's twenty largest unsecured creditors as identified in its Chapter 11 petition.

**IT IS SO ORDERED.**

*** END OF ORDER ***